*71 Petition for A Re-hearing.
[Presented by Mr. Hewitt for defendants in error.]
In. the case of Goring’s Executrix vs. Shreve &c. I was counsel in the inferior court, and, though I have not seen the opinion, I think it probable that the Court has overlooked some facts presented by the record, and therefore, that the attention of the Court to that record, should be respectfully asked, in the hope that, upon a re-examination, a re-hearing would be awarded.
I am informed that the Court has decided that, a mortgagee cannot, under his judgment at law, sell the equity of redemption of the mortgagor under execution; •and that the fact of there being different mortgages of the same property, to different persons, does not vary the proposition. And I do not consider, after the deliberation of the Court upon this point, that any thing is to be gained by attempting to combat that proposition.
But, with due deference, it seems to me, all that may be conceded, for the sake of the argument, in this cause, and that still the decree below is correct.
The original bill alleges that, after Goring bid for the equity, and was considered as the purchaser, he entered into the property, and received its profits, and was changing it, and removing some of its fixtures; and that he expressly promised to pay complainants’ mortgage. This allegation is not denied in the answer.
It is also alleged, and not denied, that, after taking possession, and promising to pay complainants, Goring sold the property to Conant, and, by express written contract, Conant, as the purchaser, agreed to pay the debt due to complainants.
The defendant admits the sale to Conant, and, in avoidance, says Conant failed to pay, and the contract was thereby made null and void. This avoidance is denied by complainants, and there is no proof of a rescission'of that contract, or that it is void for any cause.
Conant is made a party, and confesses the allegations. There is no way of escaping the conclusion that, Conant was, in equity, the owner of the property, by a pur *72 chase from Goring, in which he, Conant, expressly stipulated to pay Shreves.
The promise of the purchaser of the equity of redemption, under an ex’on for the mortgage debt , who has obtained an assignment of the mortgage, #• been let into the possession, or of his vendee, to pay a junior mort gage debt, being predicated upon the mistaken sup equity ofredemp tion had passed execution6l^not moved by’the ju-yieídbgü^pos-session to him, or oí^ther^seTet-tering his condi-consid'eration.0111 The nature of a b^whichihe as-signee of the first Sterest^no^ap* Pea™g > and it rea^ardSedbeby the Partia|= who had property 1£might he solti~rno cree can be predicated upon it. The assignee of ^ohargaUe^dfh ]rec’d’. the fixtures taken 1)y his yendee iu possession -
*72 In addition to this, there is an allegation, not denied, that Goring had made a fraudulent transfer of the property to delay and hinder complainants.
Upon these after-contracts, it seems to me, the Court should have sustained the decree, although the mortgagee cannot sell the equity.
The extent and character of the contract with Conant does not, it is true, appear. But it does appear that, Conant purchased and contracted to pay the Shreve mortgage.
But it certainly was competent for Goring to promise to pay complainants their mortgage debt, and to waive his precedence if he had it.
But if the sale was void, and Goring was permitted to enter, that permission was consideration enough to uphold his promise to pay; or indulgence may have been sufficient. The answer admits that express promise.
But when Conant purchased and promised, in writing, to pay complainants, it seems to me, that Conant only could set up any defect of title. He was in equity the owner of this property at the time of decree, as appears in this record. The Court is requested to examine the response of Shreves, to the call in Goring’s answer, and also to the amended bill, which was never answered in the cause, and they will, I think, perceive that Con-ant was the owner. G. Duncan.
Additional Opinion (by
Judge Ewing
responsive to the Petition.
June 19.
We have been induced, by the suggestions of the counsel for the defendants, to re-examine the record, and perceive no just ground to change materially the opinion of the Court.
The promise of Goring to pay the debt, of the defendants in error, as well as his exaction of the promise of Conant to do so, was predicated upon a mistake of the effect of his purchase of the equity of redemption, and was made without consideration moving from the Shreves, or any other on their behalf.
*73 Though let into possession, that was done under his purchase, from aught that appears in the record, and he was not let in, by the Shreves, as the consideration of his assumpsit to pay, nor was he moved to the assump-sit by an agreement on their part, to give time, or to release their mortgage, or do any other act to better his condition.
But he seems evidently to have been moved to the promise, under the mistaken apprehension, that he had in fact, by his purchase under .execution, acquired the equity of redemption, and was bound to pay, to redeem the mortgage, and acquire a full title to the property. He, in answer to the original bill, says, that he had sold to Conant, but the contract was annulled. And it does not appear what was the nature, character, or extent of Conant’s purchase: the Court cannot predicate a decree upon it; and it seems to have been wholly disregarded by the parties, and the Chancellor in his decree. For the complainants agreed with Goring, in the progress of the case, that the mortgaged premises should be sold, and tfre proceeds divided, as might be directed by the Chancellor. '
If Conant purchased, he purchased under thé same . 1 , . . . , „ . mistake as to the title acquired as operated on Goring, But if he was let into possession, and profits were received by him, those profits, as well as those received by Goring, are to be taken into account, and deducted from the debt due to Goring on his assigned mortgage from Matthew Ferguson. Or if he has appropriated o x i a any of the fixtures to his use, their5 value should, also, be taken into the account, and allowed. The Chancellor will settle the whole case, upon principles of equity, and not repugnant to the opinion of this Court. The petition for re-hearing is overruled.